IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:14cr18-HSO-RHW

JASON RICHARD WOODCOCK

REPORT AND RECOMMENDATION WITH PROPOSED
FINDING OF FACTS FOR DETERMINATION OF DEFENDANT'S COMPETENCY

This matter came before the Court for consideration of the Defendant's First Motion for Psychological Exam and a determination of competency, and the Court finds as follows:

1. On June 19, 2014, this Court entered an Order for psychiatric or psychological evaluation of the defendant, Jason Richard Woodcock, pursuant to 18 U.S.C. §§4241, 4242, and 4247. Section 4247(c)(4)(A) of Title 18 of the United States Code provides that if the examination is ordered under §4241, the report should include whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. In accordance with the Court's order, the defendant was examined at the Harrison County Adult Detention Center in Gulfport, Mississippi, by Dr. Beverly Smallwood, Ph.D., whose report was introduced into evidence under seal as Court's Exhibit C-1, at the October 15, 2014 competency hearing. Said report concluded that the defendant, Jason Richard Woodcock, is completely competent to stand trial, pursuant to the provisions of Title 18, United States Code, §4241; that he was not insane at the time of the alleged federal offenses in accordance with the provisions of Title 18, United States Code, §4242; and that his mental

1

condition did not and does not bear upon the issue of guilt as set forth in Rule 12.2(b) of the Federal Rules of Criminal Procedure.

    2.  The defendant Jason Richard Woodcock was present at the competency hearing and represented by his counsel Ramiro Orozco, and both the defendant and his attorney advised and announced to the Court that they agree with, and do not contest, the findings of the Report (Exhibit C-1).  Neither the defendant nor the government put on any further evidence at the hearing.

RECOMMENDATION

    Based on the foregoing, and pursuant to the October 15, 2014 hearing conducted pursuant to 18 U.S.C. §4247(d), and the Report of Dr. Beverly Smallwood, Ph.D., the undersigned finds from a preponderance of the evidence that Jason Richard Woodcock is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; that he was sane at the time of the offense; that he was able to appreciate the nature, quality and wrongfulness of the actions in question; and that he is competent to stand trial in this cause.  The undersigned recommends that the District Court so hold.

NOTICE OF RIGHT TO APPEAL/OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the

District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 16th day of October, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE


Agreed:                                                                  Agreed:
*s/ Ramiro Orozco*                                                *s/ Andrea C. Jones*
Ramiro Orozco                                                     Andrea C. Jones
Defense Counsel                                                  Assistant U.S. Attorney